NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHIGANG LIU, | No.   17-70288 |
| Petitioner, | Agency No. A201-201-789 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2020**
San Francisco, California

Before:  W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,***
District Judge.

Petitioner Shigang Liu, a native and citizen of China, seeks review of the

Board of Immigration Appeals's order denying his applications for asylum,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

withholding of removal, and relief under the Convention Against Torture (CAT). Liu argues that substantial evidence does not support the BIA's and the Immigration Judge's adverse credibility determination. We deny the petition. In doing so, we look to both the BIA's and the IJ's decisions because the BIA issued a single-member decision that attributed significant weight to the IJ's findings. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006).

1. Substantial evidence supports the adverse credibility determination. Liu's initial fraudulent visa application supports the determination because Liu "admittedly knew that the application contained fraudulent information when it was submitted." The second fraudulent application also supports the determination because Liu's claim that he filed the fraudulent application because it was necessary to escape persecution is contradicted by the record. Finally, Liu's vague and evasive answers during his merits hearing before the IJ provide further support for the adverse credibility determination. *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005). Accordingly, a "reasonable adjudicator would [not] be compelled to conclude" Liu's testimony was credible, 8 U.S.C. § 1252(b)(4)(B), and his claims for asylum and withholding of removal fail.

2. Liu failed to contest the agency's order denying relief under CAT in his opening brief. His claim for CAT relief is therefore waived. *Song v. Sessions*, 882 F.3d 837, 841 n.8 (9th Cir. 2017).

**PETITION FOR REVIEW DENIED.**